IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 93-1841

---

AMERICAN EAGLE INSURANCE COMPANY
AND MARTINAIRE, INC.,

Plaintiffs-Appellants,

versus

UNITED TECHNOLOGIES CORPORATION
AND PRATT & WHITNEY-CANADA, LTD., ETC.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas

---

ON PETITIONS FOR REHEARING

(April 19, 1995)

BEFORE WIENER, EMILIO M. GARZA and BENAVIDES, CIRCUIT JUDGES.

BENAVIDES, CIRCUIT JUDGE:

It is ordered that the petition of appellants for rehearing filed in the above case is denied. However, finding merit in the petition for rehearing filed by appellee Pratt & Whitney-Canada, Ltd. ("Pratt & Whitney"), said appellee's petition for rehearing is granted to the extent and for the reasons set forth herein. Otherwise, our original panel decision and the language contained therein is left undisturbed.

-1-

In our original panel opinion we affirmed a summary judgment granted by the district court in favor of the defendants/appellees, United Technologies and Pratt & Whitney, except as to appellants/plaintiffs' alleged cause of action against Pratt & Whitney for a breach of implied warranty brought under the Texas Deceptive Trade Practices Act. As to such claim, we determined that we could not gauge the effectiveness of appellees' written disclaimer because the summary judgment evidence was not developed sufficiently to allow either this court or the district court to make a decision on the merits of appellees' disclaimer contention. Believing that the entire document containing the disclaimer was not before us, we declared, "we are not in a position to evaluate whether the disclaimer is conspicuous as a matter of law."

Pratt & Whitney's petition for rehearing specifically points out that not only one entire document, but two entire documents were properly before the district court as summary judgment proof, each of which contained disclaimers of implied warranties made by Pratt & Whitney upon the initial sale and upon the delivery of the airplane engine to the first purchaser, Cessna Aircraft Company. Convinced that the record is in fact sufficiently developed for this court to make a decision on the merits of Pratt & Whitney's disclaimer defense, we withdraw that part of our original opinion that declared the record insufficient for our determination of the issue.

Indeed, the summary judgment evidence before the district court and in the record on appeal, does contain an original three-

page Sales Contract between Pratt & Whitney and Cessna Aircraft Company. Additionally, the record contains an Engine and Parts Service Policy that was delivered upon the sale of the engine relating to allowances for an adjustment for engine parts which might suffer failure in service. Each of the two documents contains in bold print the following provision:

**d) Exclusive Warranties and Remedies**

**The foregoing warranties are exclusive and are given and accepted in lieu of (i) any and all other warranties, express or implied, including without limitation the implied warranties of merchantability and fitness for a particular purpose: and (ii) any obligation, liability, right, claim or remedy in contract or tort, whether or not arising from Seller's negligence, actual or imputed. The remedies of the Buyer shall be limited to those provided herein to the exclusion of any and all other remedies including, without limitation, incidental or consequential damages. No agreement varying or extending the foregoing warranties, remedies or this limitation will be binding upon the Seller unless in writing, signed by a duly authorized officer of Seller.**

We have reviewed in their entirety both the Sales Contract and the Engine and Parts Service Policy and agree with Pratt & Whitney's contention that the bold faced disclaimer of warranty under the bold faced capitalized "EXCLUSIVE WARRANTIES AND REMEDIES" is "attention-calling" and in no way "semi-concealed or obscured". We conclude that each disclaimer as set forth in bold print in the two documents is such that attention can reasonably be expected to be called to the disclaimers contained therein, and that they are conspicuous under Texas law. See Cate v. Dover Corp., 790 SW2d 559, 560 (Tx. 1990); Texas Business & Commerce Code, § 1.201.

Because the disclaimers are conspicuous, they are sufficient to disclaim any implied warranty under the DTPA. We find that the trial court did not err in dismissing the appellants' claim pursuant to Pratt & Whitney's motion for summary judgment. Accordingly, Pratt & Whitney's motion for rehearing is **GRANTED** and the summary judgment granted by the district court is in all respects **AFFIRMED.**